IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) No. 06-10235 WEB<br>v. )<br>)<br>DEREK HUBBARDS, )<br>)<br>Defendant. )<br>) | |

Memorandum and Order

This matter came before the court on June 25, 2007, for a hearing on the defendant's objections to the Presentence Report, and for sentencing. The court orally denied the objections. This written memorandum will supplement the court's oral ruling.

I. *Objections*.

A. Objection 1, 3, 4, and 7: The defendant's first objection is to information contained within Paragraph 26, arguing it is hearsay and the individual is not identified. He argues that since the person is not identified, the statements are totally unreliable, and should be stricken from the report. In the defendant's third objection, the defendant requests that paragraph 34 be stricken from the Presentence Report. The defendant argues the statements are hearsay, from unidentified minors, and as such should not be admissible. In the defendant's fourth objection, the defendant requests that paragraph 35 be stricken as a hearsay statement made by a witness. The defendant contends the Presentence Report relies on hearsay statements in a police report, which is unreliable given that the court heard the witness' testimony. The defendant placed emphasis on the fact that the witness could not identify the defendant at the Suppression hearing.

1

In the defendant's seventh objection, the defendant objects to paragraph 145.  Once again, the defendant objects to hearsay statements contained within the Presentence Report.

The Federal Rules of Evidence do not apply in sentencing proceedings. (Fed. R. Evid. 1101(d)(3)).  Congress has expressly permitted the use of hearsay in sentencing proceedings to prevent sentencing hearing from becoming a full-blown trial with an endless parade of witnesses.  A sentencing judge is allowed to consider a wide variety of information that would be inadmissible at trial, including hearsay.  (U.S. v. Johnson, 997 F.2d 248, 7th Cir. 1993).  The defendant also has a due process right to be sentenced on the basis of reliable information, therefore a defendant must have a reasonable opportunity to rebut contested hearsay and that contested hearsay must be reliable.  Only if defendant shows the information before the court was inaccurate, and the court relied on it, can the defendant successfully challenge his sentence.  (United States v. Campbell, 985 F.2d 341, 7th Cir. 1993).  The hearsay statements must have sufficient indicia of reliability to support the accuracy.  If the court finds the statements meet that standard, the court may consider the information.

The term "child" means a person who is under the age of 18, who is or is alleged to be a witness to a crime committed against another person.  18 U.S.C. § 3509(a)(2)(B).  Children will not be identified by name in sentencing reports, under privacy protection.

The statements made by the children to law enforcement officers is supported in the evidence. Testimony at the suppression hearing showed there were nine children, Ms. Thomas, and the defendant in the house.  Officers discovered blood on the bed and the sheets that Ms. Thomas occupied, long female hair was located on the bathroom floor, Ms. Thomas was bloody and her face was swollen, and besides the defendant, there were no other adult males present.

The statements given to police officers at the time of the occurrence are reliable and the defendant's objection is denied.

B. Objection 2: The defendant objects to information contained within paragraphs 31, 32, and 38, arguing the statements were coerced by law enforcement. Further, defendant argues the statements are not consistent with the witness' statements at the grand jury hearing.

Ms. Thomas' statement was not coerced. Even if law enforcement did say her children would be taken away if she did not cooperate, her version of events is supported by her statements at a later date, the statement of a witness, the statements of the children, and evidence at the home. Ms. Thomas spoke with law enforcement two days after the event. Her version of events remained consistent. Her version is consistent with the information gathered by the testifying witness at the suppression hearing. Further, when Ms. Thomas was discovered inside the house, she was bloody, and her face was swollen, which also supports information provided to officers the evening of the event. Defendant's Objection 2 is denied.

C. Objection 5: The defendant objects to the two level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(A) indicating the Ruger, Model P.94, .40 caliber semi-automatic pistol was a stolen firearm, and arguing there is no evidence other than the presence of the Ruger in the residence which links Mr. Hubbards to the firearm.

The district court can enhance a sentence for mere possession of a firearm, even if there is no evidence other than proximity. (United States v. Roberts, 980 F.2d 645). Further, the defendant need not know the weapon was stolen. See Note 8.(B), 18 U.S.C. 2K2.1. The evidence shows a gun was discovered under the mattress of the bed. The same bed in which the defendant was found. Further, the witness, Mary Elizabeth, testified she observed the defendant

with a gun. The statements made by Ms. Thomas show she observed the defendant with a gun, and she knows he carries a gun. The FBI confirmed this firearm was a stolen firearm. Evidence presented at the sentencing hearing showed the Sundance .25 caliber handgun was located in the closet in the bedroom where the defendant was located. The .40 caliber Ruger P94 handgun was located under the mattress of the bed. The testimony showed the distance between the closet and the bed was within ten feet. The court finds the defendant was in close proximity to the gun, he was in possession of the gun, and the gun was stolen. The court further finds that defendant's possession of this firearm was part of the same course of conduct as the offense of conviction. U.S.S.G. 1B1.3. Defendant's Objection 5 is denied.

    D.  Objection 6: The defendant objects to paragraph 49 of the report. At paragraph 49, four levels are added as defendant pointed a firearm at a witness pursuant to U.S.S.G. § 2K2.1(b)(6). The defendant argues this fact has not been shown by a preponderance of the evidence.

    The guidelines allow for a four-point increase to a base offense level if a firearm is used or possessed in connection with another felony offense. Enhancement is appropriate if the weapon facilitated or had the potential to facilitate another felony offense. A felony offense means any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not criminal charge was brought, or conviction obtained. U.S.S.G. § 2K2.1(o). The connection is satisfied if weapon possession facilitates or has the potential to facilitate the offense. Another felony offense means an offense other than the firearm possession. See Note 14©, U.S.S.G. 2K2.1.

    The witness stated the defendant pointed a gun at her head. She was able to give a

description, and it was determined the defendant was the only adult male at the residence. Further, the defendant fits the description given by the witness. Ms. Thomas also stated she recalled possibly being hit with the gun and seeing it pass in front of her face when the defendant was beating her. The information provided by the witness was reliable, and sufficient to meet the elements of K.S.A. 21-3410, Aggravated Assault, a level 7 felony. Further, the information provided by Ms. Thomas is sufficient to meet the elements of K.S.A. 21-3414, Aggravated Battery, a felony offense. The defendant currently has a case pending in Sedgwick County District Court, in which he is charged with Aggravated Battery of Ms. Thomas. The court finds, based on the testimony of the witness at the suppression hearing, the evidence is sufficient that the defendant could be charged with a felony offense from his action in relation to the witness or from his action in relation to Ms. Thomas. The defendant's objection 6 is denied.

  E. <u>Objection 8, 9 and 10</u>: Objection 8, 9 and 10 all relate to statements in the Presentence Report about possible factors for a departure. In objection 8, the defendant objects to paragraph 146. Paragraph 146 states that the guidelines do not take into effect any trauma suffered by the children during the defendant's commission of the crime. The defendant argues there is no evidence the children suffered any trauma, nor is there evidence the children were threatened. In the defendant's objection 9, the defendant argues that use of U.S.S.G. § 5K2.2 is inappropriate, as this section may not be used to depart upward from the presumptive Guideline sentence. In the defendant's objection 10, the defendant objects to paragraph 148 in all but the last sentence. Paragraph 148 address injury suffered by the children and /or by the girlfriend of the defendant. U.S.S.G. § 2K2.1(b)(6) provides that if a defendant used or possessed any firearm or ammunition in connection with another felony offense, then four (4) points may be added to the offense level.

The defendant argues this has already been considered by the Guidelines and may not be used as a departure factor. Further, defendant argues the victim did not suffer any psychological injury.

If a victim suffers psychological injury much more serious than that normally resulting from the commission of the offense, the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the severity of the psychological injury and the extent to which the injury was intended or knowingly risked. Application of this adjustment applies when there is a substantial impairment of the intellectual, psychological, emotional, or behavioral functioning of a victim. *U.S. v. Okane*, 52 F.3d 828, 835-36 (10th Cir. 1995).

If the offense resulted in significant physical injury, the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the extent of the injury, the degree to which it may prove permanent, and the extent to which the injury was intended or knowingly risked. U.S.S.G. § 5K2.2.

The court can take into consideration children were in the home when the offense occurred, as supported by the evidence at the suppression hearing. However, this court has no information that the children suffered psychological injury, especially to the extent that there was substantial impairment of the intellectual, psychological, emotional or behavioral functioning of the victim. This court can consider the physical injury to the victim. Evidence at the Suppression Hearing showed Ms. Thomas was taken to the hospital, her face was swollen and bloody when officers arrived at the residence, her hair was pulled out and laying on the bathroom floor, and the court was able to observe pictures of the victim. However, as the court did not depart from the guideline range of 57-71 months, the court will deny the objections as

moot.

    F.  <u>Objection 11</u>:  The defendant objects to paragraphs 150, 151, and 152.  Specifically, the defendant objects to § 3553 issues being addressed.  The defendant argues the report is factually unsupported and the report does not sustain either compelling or extraordinary reason for upward departure under § 3553(a).  The defendant further argues his criminal history cannot be considered as a reason for departure, as his criminal history is taken into consideration by the Guidelines.

    The court can consider defendant's number, frequency and seriousness of arrests.  The court can also consider the age at which the defendant began his criminal career.  The history and characteristics of the defendant can be considered by the court in the imposition of a sentence.  18 U.S.C. § 3553.  However, as the court did not depart from the guideline range of 57-71 months, the court will deny the objections as moot.

    II.  <u>*Conclusion*</u>.

    The defendant's objections to the Presentence Report are DENIED.

    The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

    IT IS SO ORDERED this 27th day of June, 2007, at Wichita, Kansas.

    s/Wesley E. Brown  
    Wesley E. Brown  
    U.S. Senior District Judge